UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL JAMES RUMSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-749 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) Honorable Janet T. Neff |
| | ) |
| Defendant. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On April 24, 2014, plaintiff filed his application for DIB benefits. Plaintiff alleged a March 3, 2010, onset of disability. (ECF No. 7-5, PageID.212-18). Plaintiff's claim was denied on initial review. (ECF No. 7-4, PageID.159-62). On April 25, 2016, he received a hearing before an ALJ. (ECF No. 7-2, PageID.74-125). On June 2, 2016, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.53-69). On June 20, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.35-37), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

    I.      The ALJ failed to give controlling weight to a treating neurologist's opinions.

    II.     The ALJ improperly used backward analysis in the opinion weighing process, wherein the RFC was determined first and then the value of an opinion was derived based upon the particular opinion's congruence with the pre-determined RFC.

    III.    The ALJ erred in not incorporating limitations from all medically determinable impairments, both severe and non-severe, into the RFC and erred in not considering the combined effect thereof.

    IV.    The ALJ improperly emphasized plaintiff's daily activities.

(Plf. Brief at 9, ECF No. 13, PageID.601). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). "The findings of the Commissioner are not subject to reversal merely

because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2018. (Op. at 3, ECF No. 7-2, PageID.55). Plaintiff had not engaged in substantial gainful activity on or after March 3, 2010, the alleged onset date. (*Id.* at 4, PageID.56). Plaintiff had the following severe impairments: "degenerative disk disease of the lumbar spine, brain atrophy, headaches, obesity, sleep apnea with hypersomnia, and depression." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 5, PageID.57). The ALJ found that

plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> He can stand and walk for 6 hours in an 8-hour workday provided that he can alternate between sitting and standing every 60 minutes. He can frequently climb ramps or stairs. He can never climb ladders, ropes, or scaffolds. He can frequently balance, stoop, kneel, crouch, or crawl. He can never have exposure to unprotected heights and moving machinery. He is limited to simple, routine and repetitive tasks. He would not be able to work at production rate pace, or meet strict quota requirements, but will meet all end-of-day goals. He is limited to simple work related decisions. He can tolerate only occasional routine changes in the workplace setting and duties. He can frequently interact with supervisors and co-workers []. He can occasionally interact with the public.

(*Id.* at 7-8, PageID.59-60). The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects were not entirely consistent with the medical evidence and the other evidence of record. (*Id.* at 8-15, PageID.60-67). Plaintiff could not perform any past relevant work. (*Id.* at 15, PageID.67).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 224,600 jobs that exist in the national economy that hypothetical person would be capable of performing. (ECF No. 7-2, PageID.106-09). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 16-17, PageID.68-69).

## Discussion
### 1.

Plaintiff argues that the ALJ violated the treating physician rule when he failed to give controlling weight to a treating neurologist's opinions. The argument

consists of quoting a fragment of a September 2, 2015, letter from Donald Roth, M.D., to Physician's Assistant Sam Dyste and stating that the ALJ failed to identify it as an opinion or give it appropriate weight. (Plf. Brief at 11-12, ECF No. 13, PageID.603-04). Upon review, I find no error.

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record."[1] 20 C.F.R. § 404.1527(c)(2); *see Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based solely on the claimant's reporting of his symptoms is not entitled to

---

[1] All citations to regulations herein are to the versions in effect on June 2, 2016, the date of the ALJ's decision.

controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990*); see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(c); *see also Perry v. Commissioner*, No. 17-4182, __ F. App'x __, 2018 WL 2470915, at *3 (6th Cir. June 4, 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart*, 710 F.3d at 376. The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996

WL 374188 at *5; *see Gayheart*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see also Gayheart*, 710 F.3d at 376 ("This procedural requirement ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.") (citation and quotation omitted).

On July 10, 2013, Donald Roth, M.D., examined plaintiff on a referral from Physician's Assistant Sam Dyste. Plaintiff complained of memory loss. Plaintiff's "complete neurologic exam was within normal limits except for his mini-mental status testing." (ECF No. 7-8, PageID.574). Plaintiff's test scores placed him in the "minimal cognitive impairment range." (*Id*.). Dr. Roth was not sure of the nature of plaintiff's reported memory loss. (ECF No. 7-8, PageID.574-75).

On January 15, 2014, plaintiff returned for a follow-up examination. Plaintiff reported that his memory had deteriorated. Dr. Roth was not confident that plaintiff was giving maximum effort during testing. He started plaintiff on a prescription for Exelon. (*Id*. at PageID.573).

On September 12, 2014, plaintiff told Dr. Roth that he had "given up" on his memory. Dr. Roth suspected that there was "an effort-related component to [plaintiff's] memory problem." (*Id*. at PageID.569). Tests indicated that plaintiff's mental status had improved. Dr. Roth "remain[ed] unclear as to the nature of [plaintiff's] memory loss." (*Id*.). Plaintiff also reported that he occasionally experienced severe headaches when he did not take his medication. Dr. Ross adjusted

plaintiff's medications and noted that "avoiding overuse of medications [was] key to controlling [plaintiff's] headaches." (*Id.* at PageID.570).

On March 6, 2015, plaintiff complained of persistent headaches that were not disabling. (*Id.* at PageID.568). Dr. Roth found that plaintiff's cranial nerve examination was intact and his test scores had improved. Plaintiff's motor strength was normal. Dr. Roth described plaintiff as having "minimal" cognitive impairment of unknown etiology. He again noted a concern regarding plaintiff's effort level during performance testing.

On September 2, 2015, plaintiff returned to Dr. Roth. Dr. Roth wrote a brief letter to Physician's Assistant Dyste regarding the results. (*Id.* at PageID.567). Plaintiff complained of continued problems with memory and headaches. Dr. Roth noted that plaintiff's "rehab doctor" was providing the treatment for plaintiff's pain management and headaches. He also observed that plaintiff's mental status scores had improved with each visit. (*Id.*). Dr. Roth ended his letter as follows:

> I believe that his cognitive symptoms relate to some of the numerous medications he is taking and also maybe some pseudo dementia associated with his depression. I don't think he has a significant cognitive problem if he could be off medications, but I also don't think that's going to happen.
>
> Regarding his headaches, these are daily with daily use of Norco. I suspect there is a component of rebound associated with these[,] but with his other pain problems, I don't see him getting off narcotics, either.
>
> I told him I felt his cognitive problems were medication related and were not progressive. I returned him to your care.

(*Id.*). Plaintiff argues that somewhere in above-quoted paragraphs there is a medical opinion and that the ALJ failed to give it appropriate weight. (Plf. Brief at 11-12,

ECF No. 13, PageID.603-04).

"Medical opinions are statements from physicians or psychologist or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); *see Andres v. Commissioner*, No. 17-4070, __ F. App'x __, 2018 WL 2017281, at *2 (6th Cir. Apr. 30, 2018). Dr. Roth was not plaintiff's treating physician for pain management and headaches. His letter does not describe what plaintiff could still do despite his impairments. To the extent there was any medical opinion in the letter, it received adequate consideration. The ALJ observed that plaintiff "last met with Dr. Roth in September of 2015, at which time Dr. Roth reported that the claimant's mental status had improved with each visit, and was now 27/30. Dr. Roth also reported that the claimant's cognitive problems were medication related and not progressive." (Op. at 11, ECF No. 7-2, PageID.63). I find no violation of any aspect of the treating physician rule.

**2.**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ "improperly weighed the opinions of Sam Dyste, P.A., Eric VanderHaagen, D.O., and Judy Straight, Psy. D." (Plf. Brief at 12, ECF No. 13, PageID.604). He offers a conclusion that the ALJ "obviously selected the RFC first and then weighed opinion evidence (especially opinion evidence more favorably if it fit the predetermined RFC." (*Id.* at 13, PageID.605).

There is no evidence that the ALJ "predetermined" plaintiff's RFC. Arguments that the ALJ mischaracterized or "cherry picked" the administrative record are frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d at 713; *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").

It is well established that physician's assistants are not "acceptable medical sources." *See* 20 C.F.R. § 404.1513(a); *Curl v. Commissioner*, No. 1:13-cv-700, 2015 WL 6394173, at *5 n.1 (W.D. Mich. Oct. 22, 2015). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at *2 (SSA Aug. 9, 2006) ). The treating physician rule did not apply to opinions offered by Physician's Assistant Dyste. The opinions of physician's assistants fall within the category of information provided by

"other sources." 20 C.F.R. § 404.1513(d)(1).  The social security regulations require simply that information from other sources be "considered." 2006 WL 2329939, at *3 (citing 20 C.F.R. § 404.1513; *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011).  This is not a demanding standard.  It was easily met here.

The ALJ considered the functional restrictions suggested by Mr. Dyste.  The ALJ found that they were entitled to only partial weight because the level of restriction he suggested was not consistent with the objective medical evidence and appeared to be largely based on plaintiff's subjective allegations.  (Op. at 13-14, ECF No. 7-2, PageID.65-66).

"Administrative law judges are not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists." 20 C.F.R. § 404.1527(e)(2)(i); *see Rudd v. Commissioner*, 531 F. App'x. 719, 727-28 (6th Cir. 2013).  The ALJ acted within his discretion in in the weight he gave to the opinions of Doctors VanderHaagen and Strait.  *See Barker v. Shalala*, 40 F.3d 789, 794-95 (6th Cir.1994); *see also* 20 C.F.R. § 404.1527(e)(2) (ALJs must consider findings and other opinions of state agency medical or psychological consultants because they are highly qualified and are also experts in social security disability evaluation.).  The ALJ found that the restrictions suggested by Dr. VanderHaagen based on his review of plaintiff's file in July 2014 (ECF No. 7-3, PageID.149-51), were entitled to great weight.  Evidence presented at the hearing level warranted additional restrictions, however.  (Op. at 14, ECF No. 7-2, PageID.66).  The ALJ also gave great weight to the restrictions suggested by Dr.

Strait based on her review of plaintiff's file. (*Id.*; *see also* ECF No. 7-3, PageID.152-54). Plaintiff has not shown any error in the weight the ALJ elected to give this evidence.

**3.**

Plaintiff's arguments that the ALJ failed to consider his non-severe impairments and consider the combined effect of his severe and non-severe impairments are meritless. The ALJ considered plaintiff's severe and non-severe impairments and their combined effect in making his factual finding regarding plaintiff's RFC. (Op. at 3, 8-13, ECF No. 7-2, PageID.55, 60-65).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d); *see Mokbel-Aljahami v. Commissioner*, No. 17-2044, __ F. App'x __, 2018 WL 2017564, at *5 (6th Cir. Apr. 30, 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff argues that the ALJ's factual finding regarding his RFC is deficient because it does not include limitations regarding his exposure to light or adequately account for his headaches taking him off task and causing work absences. (Plf. Brief at 14, ECF No. 13, PageID.606). The ALJ gave an adequate explanation why he rejected plaintiff's claims of "extreme" headache-related limitations. Among other things, the ALJ noted that the treatment notes showed that plaintiff never reported such debilitating symptoms. (Op. at 13. ECF No. 7-2, PageID.65).

The ALJ gave an adequate explanation and his findings regarding plaintiff's

RFC are supported by substantial evidence.

**4.**

Plaintiff argues that the ALJ overemphasized his daily activities and "ignored critical differences between Plaintiff's daily activities and full-time work." (Plf. Brief at 15-16, ECF No. 13, PageID.607-08).

An ALJ's factual findings concerning a claimant's subjective symptoms are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's findings are reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d at 714. Claimants challenging the ALJ's findings "face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). The Court must accord the ALJ's findings "great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see Buxton v. Halter*, 246 F.3d at 773.

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that the

ALJ must explain his credibility determination and that the explanation " 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' "[2]   *Id.* (quoting *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Assessing Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7p* (reprinted at 1996 WL 374186, at *4 (SSA July 2, 1996)).

The ALJ gave a lengthy and detailed explanation of his factual findings regarding plaintiff's symptoms and his findings are supported by substantial evidence. (Op. at 7-13, ECF No. 7-2, PageID.59-65).

Plaintiff criticizes the ALJ's consideration of his daily activities. (Plf. Brief at 15-16, ECF No. 13, PageID.607-08). It was appropriate for the ALJ to take plaintiff's daily activities into account in evaluating plaintiff's symptoms. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Joseph v. Commissioner*,

---

[2] SSR 16-3p applies to administrative decisions made on or after March 28, 2016. *See Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims* (reprinted at 2017 WL 5180304, at *1, 13 n.27 (SSA Oct. 25, 2017)). It applies here because the ALJ entered his decision months after March 28, 2016. In SSR 16-3p, the Administration "eliminate[ed] the term credibility from [its] sub-regulatory policy, as [its] regulations do not use the term. In so doing, [the Administration] clarify[ied] that subjective symptom evaluation is not an examination of the individual's character." *Id.* at 1; *see Dooley v. Commissioner*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). Although SSR 16-3p superseded SSR 96-7p, little has changed. The ALJ's findings regarding the plaintiff's symptoms must be "clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10.

No. 17-4158, __ F. App'x __, 2018 WL 3414141, at *5 (6th Cir. July 13, 2018) ("[T]he ALJ appropriately considered . . . evidence of daily activities in assessing [plaintiff's] subjective complaints."). "[T]he ALJ did not equate Plaintiff's ability to engage in these activities with the ability to perform full time work, but rather found them inconsistent with the severity of his allegations. It was entirely appropriate for the ALJ to do so." *Sanborn v. Commissioner*, 1:16-cv-41, 2016 WL 5859054, at *5 (W.D. Mich. Oct. 7, 2016); *see Evilsizor v. Commissioner*, No. 1:16-cv-1136, 2017 WL 3124159, at *5-6 (W.D. Mich. July 23, 2017); *see also Hill v. Commissioner*, No. 17-10089, 2018 WL 1404416, at *4 (E.D. Mich. Feb. 27, 2018) ("[T]he ALJ did not equate plaintiff's daily activities to the ability to work full-time; rather, the ALJ appropriately cited her activities as some evidence that she was not as limited as she alleged.").

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: August 13, 2018          /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge


### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006);

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).