UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JAMES RUMSEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:17-cv-749

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), Plaintiff is entitled to de novo consideration of the portion of the Report and Recommendation to which he objects. The Court denies the objections and issues this Opinion and Order.

A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). Here, as Defendant points out in response (ECF No. 25 at PageID.667), Plaintiff's objections merely re-raise the arguments

he previously raised before the Magistrate Judge in his initial brief (ECF No.13). In his objections, Plaintiff asserts that "[t]he ALJ failed to give controlling weight to a treating neurologist's opinion"; "[t]he ALJ improperly used backward analysis in the opinion weighing process"; "[t]he ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and non-severe, into the Residual functional Capacity and erred in not considering the combined impact thereof"; and "[t]he ALJ improperly overemphasized Plaintiff's daily activities" (ECF No. 24 at PageID.660, 661, 662, 664). To the extent Plaintiff includes cursory references to the Report and Recommendation, the references do not constitute developed arguments in support of a result different from the Magistrate Judge's recommendation.

The "purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that were considered by the magistrate judge." *Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992). Rather, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Magistrate Judge in this case set forth the proper standards and thoroughly considered Plaintiff's arguments in light of the record and governing law. Plaintiff's objections reiterate his disagreement with the ALJ's decision, but fail to identify any factual or legal error in the Magistrate Judge's Report and Recommendation. Accordingly, the Court will deny the objections, adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court, and enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 24) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 23) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.


Dated: September 11, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge